UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DAVID MENDEZ GOMEZ, | No.  1:26-cv-00312-KES-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (A-Number 216 269 711) |
| v. | |
| WARDEN, *et al.*, | |
| Respondents. | (Doc. 1) |
| | **14-DAY OBJECTION PERIOD** |

Petitioner Joe David Mendez Gomez ("Petitioner"), a federal immigration detainee, proceeds with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

I.     **Background**

On January 15, 2026, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility, located in McFarland, California.  (Doc. 1 at 1).  After Respondents timely filed their response to the petition (*see* Doc. 9), on February 25, 2026, Petitioner filed a motion for temporary restraining order ("TRO").  (Doc. 11).  Respondents filed an opposition to the motion on March 3, 2026.  (Doc. 13).  On March 13, 2026, the assigned district judge denied the TRO motion, noting that Petitioner argues his detention is governed by 8 U.S.C. § 1226(a), but Petitioner has been subject to a reinstated order of removal

1

since December 6, 2018, and detention of noncitizens subject to such orders is governed by 8 U.S.C. § 1231, even when the noncitizen is in withholding-only proceedings. (Doc. 14). The district judge referred the petition to the undersigned for further proceedings. *Id.*

On March 31, 2026, the undersigned noted that a review of ICE's detainee locator using Petitioner's identifying information returned zero results, suggesting Petitioner no longer remained in immigration detention, and directed Respondents to file either a status report or a declaration from a knowledgeable witness, attesting to the circumstances of Petitioner's release, and afforded Petitioner the opportunity to respond to any such filing by Respondents. (Doc. 17).

In their notice of removal filed on April 3, 2026, Respondents assert that Petitioner was removed on March 19, 2026; Respondents attach the declaration of deportation officer Sellenia A. Olson. (Doc. 18). Ms. Olson declares that Petitioner was removed on March 19, 2026, by Enforcement and Removal Operations ("ERO"). (Doc. 18-1 ¶ 5). Ms. Olson attaches to her declaration a warrant of removal. *Id.*, Ex. 1. The warrant names Petitioner, is dated March 12, 2026, and is signed by Petitioner and an immigration officer. The warrant provides that Petitioner was removed on March 19, 2026. *Id.*

Petitioner did not file any response to Respondent's notice and the time to do so has expired. *See* (Doc. 17).

## II.   Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the

now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

### III. <u>Discussion</u>

Here, Petitioner's petition seeks immediate release from custody and that Respondents be enjoined regarding any future removal to a third country or, alternatively, regarding any such removal without notice and meaningful opportunity to respond. (Doc. 1 at 20). Given Respondents attach documentation setting forth Petitioner's removal, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition. Review of ICE's detainee locator for Petitioner's name, A-number (216 269 711), and country of birth (Mexico) confirms there are zero results indicating Petitioner remains in immigration detention.[1] *See* (Doc. 1); (Doc. 17). Thus, Petitioner's removal moots the relief he seeks in his petition. *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found and dismissed for mootness under similar circumstances. *See, e.g.*, *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL

---

[1] *See* https://locator.ice.gov/odls/#/search (last visited April 6, 2026); https://acis.eoir.justice.gov/en/caseInformation (last visited March 20, 2026); *see also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities[.]").

2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

**IV.     Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and

2.  The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 8, 2026**                                     _____

UNITED STATES MAGISTRATE JUDGE

4